445 P.2d 988

Karen Lillian LAYTON and Kathy Layton by and through her guardian ad litem, Karen Lillian Layton, Plaintiffs and Appellants,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, and Denver and Rio Grande Western Railroad Company, a corporation, Defendants and Respondents.

No. 11204.

Supreme Court of Utah.

Oct. 15, 1968.

Clarence Jack Frost, Roy, for appellants.

Howard Coray, Grant H. Bagley, Clifford L. Ashton, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondents.

ELLETT, Justice:

This is an appeal from an order of the district court dismissing the complaint against the Denver and Rio Grande Western Railroad Company, hereafter referred to as the D. & R. G. W. The action is for wrongful death and is brought by the widow and posthumous child of the deceased. It was originally commenced against the Union Pacific Railroad Company within the time provided by law.[1] The deceased was killed January 15, 1965, and on March 2, 1967, an amended complaint was filed wherein the D. & R. G. W. was joined as a party defendant. It is thus obvious that the statute of limitation bars the action as to the D. & R. G. W. unless, as the plaintiffs claim, the minority of the child tolls the running of the statute.[2] They claim that the action is joint as to plaintiffs and the minority of one tolls the statute as to the other.

The D. & R. G. W. claimed further that the complaint did not state a cause of action as to it.

The lower court ruled that the action was barred by the statute and so did not reach

---

1. Sec. 78–12–28(2), U.C.A.1953, provides that an action for wrongful death must be brought within two years from the date of death.

2. Sec. 78–12–36(1), U.C.A.1953, provides that the period of minority of a child is not a part of the time limited for the commencement of an action.

the question of liability. We are urged by the D. & R. G. W. to consider the liability phase of its motion to dismiss.

■ If the complaint does not and cannot state a cause of action, it would be better to say so rather than to discuss the question of the statute of limitations when there is nothing before the court to which it could apply.

The facts of this case are not in dispute. The decedent worked for the Salt Lake Union Stock Yards, and at the time he lost his life he was unloading a carload of hogs consigned to his employer. The two defendant railroad companies had a joint lease on the land upon which the tracks were placed, and the D. & R. G. W. pursuant to agreement with the Union Pacific maintained the trackage but billed the Union Pacific for one-half of the costs thereof. The car in question and the engine moving it belonged to the Union Pacific, and the D. & R. G. W. is not charged with any negligence in the train movement.

While unloading the hogs, the deceased worked on the dock, which was the property of and in the exclusive possession of his employer. During the unloading operation it is claimed that wet straw fell from the car being unloaded onto the ground underneath and created a slick and slippery condition over and about the tracks.

The only claims of negligence against the D. & R. G. W. are in substance that (a) it negligently allowed slippery and icy straw to accumulate and be upon the roadbed and tracks; (b) it failed to remove the straw after it knew or in the exercise of reasonable care should have known of its presence; (c) it failed to warn the deceased of the slippery and icy straw; and (d) the roadbed was not properly constructed with reference to side structures.

It is to be noted that the train was not derailed and that the track was sufficiently maintained so as to permit train traffic thereon without any difficulty. The deceased had no duties which required him to descend to the ground from the dock where his work required him to be. In fact, he slipped and fell from the dock onto the ground, where he was crushed by the trucks of the moving car. The plaintiffs say that he was prevented from escaping the movement of the train by reason of the excess quantity of slick straw upon the ground.

In order for the plaintiffs to recover in this case it is incumbent upon them to show the following:

1. That there was a duty or obligation recognized by law requiring the D. & R. G. W. to keep the ground beside the dock free from icy straw.

2. That the D. & R. G. W. knew or in the exercise of reasonable care should have known that there was icy straw upon the ground about the tracks.

3. That after such knowledge the D. & R. G. W. had reasonable time and opportunity to remove the icy straw from the ground about the tracks.

4. That the D. & R. G. W. should have foreseen that if it failed to remove the icy straw, harm would likely befall the deceased.

5. That the D. & R. G. W. nevertheless failed to remove the icy straw from the ground about the tracks.

6. That as a result of the failure of the D. & R. G. W. to remove the icy straw as aforesaid, the deceased lost his life.

The duty to maintain trackage in this case does not require a constant removal of straw which falls from a railroad car while livestock is being unloaded. In fact, it is difficult to see how the D. & R. G. W. could constantly keep the ground free from falling straw without interfering with the unloading operation by the deceased and his fellow employees. It is equally difficult to see how the D. & R. G. W. could foresee that the deceased would slip and fall from the dock and thus be upon the ground at all, since his work was confined to the dock area. The D. & R. G. W. thus owed him no duty to keep the tracks free from straw and ice and had no reasonable time or opportunity to do so.

We therefore hold under the admitted facts of this case that the plaintiffs cannot state a valid claim against the D. & R. G. W. The dismissal of the case with prejudice was proper, although we need not decide whether the reasons given by the trial court were correct.

This suit still pends against the Union Pacific Railroad Company.

No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.